# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Lillian Butler Taylor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-cv-0659-RMG |
| vs. ) | |
| ) | |
| Science Applications International ) | |
| Corporation, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

In her complaint, filed on March 6, 2012, Plaintiff Lillian Butler Taylor alleges that her former employer, Defendant Science Applications International Corporation ("SAIC"), engaged in disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 *et seq.*, gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-2, and negligent supervision under South Carolina law. (Dkt. No. 1). On April 5, 2012, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 5). The matter was then referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) D.S.C.

The Magistrate Judge issued a Report and Recommendation ("R&R") on August 14, 2012. (Dkt. No. 26). In that R&R, the Magistrate Judge recommended granting Defendant's motion to dismiss Plaintiff's claims of retaliation under Title VII and negligent supervision under state law. (Dkt. No. 26 at 21). The Magistrate Judge further recommended dismissal of

Plaintiff's claims of disability discrimination under the ADA and gender discrimination under Title VII, unless Plaintiff included in her objections to the R&R the additional factual allegations necessary to establish viable claims under those statutes. (Dkt. No. 26 at 21).

Plaintiff filed her objections to the R&R on August 31, 2012. (Dkt. No. 30). In her objections, Plaintiff contends that her ADA and Title VII claims should not be dismissed because, in her view, she need not plead additional facts about those claims and, even if she does, she has now pleaded the facts that the Magistrate Judge believed were absent from her original complaint. (Dkt. No. 30 at 1).[1] In addition, Plaintiff argues that her Title VII retaliation claim should not be dismissed because she adequately raised her claim before the relevant agency, the South Carolina Human Affairs Commission (SCHAC), before bringing her claim in federal court and, in addition, South Carolina law contains a "public policy exception" to exhaustion requirements for retaliation claims brought by at-will employees such as she. (Dkt. No. 30 at 1).

Defendant replied to Plaintiff's objections on September 17, 2012. (Dkt. No. 32). In its reply, Defendant argues that Plaintiff's ADA and Title VII claims were not timely because they were brought to the SCHAC more than 300 days after the violations are alleged to have occurred, and Defendant also argues that Plaintiff's allegations with respect to these claims still do not satisfy the pleading standard set forth by Federal Rule of Civil Procedure 8. (Dkt. No. 32 at 3-4). Last, Defendant disputes that Plaintiff raised her Title VII retaliation claim with SCHAC and

---

[1] Plaintiff "does not object to the recommendation" by the Magistrate Judge to dismiss her claim of negligent supervision under South Carolina law. The Court adopts the Magistrate Judge's recommendation that this claim should be dismissed. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983) (holding that, in the absence of specific objections to the Magistrate Judge's R&R, the Court is not required to give any explanation for adopting the recommendation).

denies the applicability of a "public policy exception" to that claim. (Dkt. No. 32 at 4-7).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

This matter comes before the Court on Defendant's motion to dismiss under Rule 12(b)(6), which permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." To survive such a motion, the Plaintiff must allege in her complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Discussion

### A. ADA reasonable accommodation claim

The Court will first address Plaintiff's ADA reasonable accommodation claim. From there, it will address in turn her Title VII disparate treatment, termination, and retaliation claims.

The Magistrate Judge recommended that Plaintiff's ADA reasonable accommodation claim be dismissed, unless she provided the Court with additional facts regarding the dates of Defendant's failure to accommodate her disability. (Dkt. No. 26 at 21). The parties now

disagree on two issues relating to the ADA claim: (1) whether the Plaintiff timely brought an administrative charge of discrimination; and (2) whether Plaintiff provided enough facts to state a plausible claim.

As the Magistrate Judge correctly explained, the dates of alleged violations are important because, in addition to other deadlines, the ADA establishes a three hundred day limitations period within which an employee-plaintiff must file her administrative charge of discrimination with, in this case, the SCHAC. *See* 42 U.S.C. § 2000c-5(e); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(d)(2). (Dkt. No. 26 at 9). Plaintiff filed her SCHAC charge on June 14, 2011, meaning that alleged discriminatory acts must have occurred no earlier than August 18, 2010. (Dkt. Nos. 5-2 at 3, 26 at 9-10). Her proposed amended complaint describes three discrete episodes in which, she alleges, SAIC failed to accommodate her disability: the company's delay in providing her a handicapped parking sticker, a supervisor's insistence that she climb up into a military vehicle that had a broken step, and a supervisor's decision to assign her to the company's Quality Assurance office, an assignment that would require a lot of walking though she was on light-duty. (Dkt. No. 30-1 at 6-11). Though she must allege a violation occurring no earlier than August 18, 2010, Plaintiff alleges that the parking sticker and Quality Assurance assignment events occurred "in late 2009 or early 2010," and that the military vehicle event occurred in 2009. (Dkt. No. 30 at 4). Consequently, as alleged, these three episodes fall outside the ADA's three hundred filing window, and so are themselves untimely. These allegations may, however, provide "relevant background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

In her objections to the R&R, Plaintiff proposes incorporating additional allegations into

her complaint, specifically:

> 73. Plaintiff requested an accommodation on more than one occasion with regard to parking and assignment in 2010 and 2011, only to be challenged by her Supervisor Leroy Watt.
>
> 74. Parking accommodation and walking long distances, including to the ladies room, continued through the time Plaintiff left employment of the Defendant.
>
> 75. Plaintiff repeatedly requested and suggested that reasonable accommodations existed that would allow the Plaintiff to continue to perform the essential functions of her job without causing hardship to the employer.
>
> 76. Plaintiff still was having problems with being permitted to park close to her assigned area and having [to] walk long distances in to 2010. . . . Plaintiff specifically continued to assert that she had not been accommodated and was being retaliated against for complaining about discrimination. See letter to Marsha Serria of Human Resources from Plaintiff[,] 9/10/2010.

(Dkt. Nos. 30 at 7, 30-2 at 10). From these amendments, Plaintiff appears to allege that she was denied reasonable accommodation more than once "in 2010 and 2011" and those denials "continued through" her termination on April 29, 2011. (Dkt. No. 30 at 7). In other words, she alleges that discrete violations occurred on a continuing basis into the limitations period, but she does not provide details of those discrete violations.

The Court thus has before it timely allegations of ongoing discrete violations, and additional facts providing "relevant background" to those allegations. *Morgan*, 536 U.S. at 114. This "relevant background" information provides context for the timely allegations. *Id.* Together, the allegations and background facts make it "plausible" that SAIC made Plaintiff walk farther and more often than she could do given her condition and that, in doing so, SAIC violated the ADA by failing to accommodate Plaintiff's disability during the period between August 18, 2010, and April 29, 2011. *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 (stating that a

complaint should not be dismissed where it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (listing the necessary elements of a prima facie ADA failure to accommodate case). The Court thus concludes that, because Plaintiff has stated a plausible claim for relief, and brought her original charge to SCHAC within the limitations period, Defendant's motion to dismiss this claim is denied and Plaintiff should amend her complaint in accordance with this Order. This issue can, of course, be revisited by the Court at the summary judgment stage with the benefit of a fully developed factual record.

### B. Plaintiff's Title VII claims

Plaintiff asserts several different Title VII claims. First, Plaintiff alleges that gender discrimination motivated SAIC to pay her less and to assign her to less favorable positions than similarly-situated males. The Magistrate Judge noted that Plaintiff "set out the basic parameters of her" disparate treatment claims but failed "to identify the male employees [whom she] alleges received more favorable treatment in terms of pay, or provide other specifics to establish disparity between her and any male employees." (Dkt. No. 26 at 15). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (listing the elements of a prima facie case under Title VII). In her objections to the R&R, Plaintiff cured these deficiencies by incorporating into her proposed amended complaint the names of similarly-situated male employees who may serve as relevant comparators. (Dkt. No. 30 at 7-8). As a result of these amendments, the Court concludes that Plaintiff has plead a plausible Title VII claim for disparate treatment based on gender discrimination sufficient to survive a motion to dismiss and denies Defendant's motion to dismiss this claim.

Second, Plaintiff has alleged that her termination was motivated by gender discrimination. Here, too, the Magistrate Judge pointed to Plaintiff's lack of factual allegations supporting this claim, and suggested that Plaintiff amend her allegations. (Dkt. No. 26 at 16-17). But, in this instance, Plaintiff fails to remedy that deficiency in her objections to the R&R and her proposed amended complaint. She proposes to amend her complaint by alleging that "the true reason for her termination . . . was, upon information and belief, pretextual and based upon, discrimination." (Dkt. Nos. 30 at 7, 30-2 at 16). But this amendment does not offer any additional factual allegations beyond those already observed to be inadequate by the Magistrate Judge. As a result, this Court concludes that any termination claim intended to be a part of Plaintiff's Title VII cause of action is inadequately pleaded, and Defendant's motion to dismiss is granted in regard to the termination facet of the gender based discrimination claim.

Third, Plaintiff argues that the termination of her employment constituted a Title VII violation rooted in retaliation for her having lodged complaints about Defendant's employment practices. The Court agrees with the Magistrate Judge that Plaintiff failed to exhaust this claim before the SCHAC before bringing her claim in federal court. (Dkt. No. 26 at 17-19). *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Sloop v. Mem'l Mission Hosp.*, 198 F.3d 147, 148 (4th Cir. 1998). Plaintiff did not check the "retaliation" box in her SCHAC charge. (Dkt. No. 32-2 at 1). Nor did she, in that charge, allege any conduct that would even suggest she may have been the subject of a retaliatory termination. It is notable that Plaintiff was represented by counsel when she brought her SCHAC charge. *Cf. Williams v. Mancom, Inc.*, 323 F. Supp. 2d 693, 695 n.2 (E.D. Va. 2004) (stating that employment "complaints filed by individuals acting without the assistance of an attorney are not so strictly construed that a failure

to check the 'Retaliation' box on the . . . charge form is necessarily fatal").

Further, the Court is not persuaded by Plaintiff's argument that South Carolina law contains a "public policy exception" to Title VII's exhaustion requirement for her retaliation claim. The general rule is that, "[w]hen a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." *Dockins v. Ingles Mkts., Inc.*, 413 S.E.2d 18 (S.C. 1992). Plaintiff contends that the South Carolina Supreme Court created a limited exception to that general rule that applies in the context of termination from employment. *See Lawson v. Dep't of Corr.*, 532 S.E.2d 259, 260-61 (S.C. 2000). Even assuming such an exception applies in the Title VII context, that limited exception clearly does not apply to the circumstances of this case. *See id.* (stating that an employer violates public policy when it "requires an employee to violate law or the reason for the employee's termination was itself a violation of criminal law"). The Court therefore concludes that Plaintiff has failed to exhaust her Title VII retaliation claim, and grants Defendant's motion to dismiss the claim.

## Conclusion

For the reasons discussed above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation pertaining to the dismissal of Plaintiff's negligent supervision claim (Fourth Cause of Action). The Court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII retaliation claim (Third Cause of Action), as well as Plaintiff's Title VII termination claim (part of the Second Cause of Action). The Court **DENIES** Defendant's motion to dismiss Plaintiff's ADA claim (First Cause of Action), and **DENIES** Defendant's motion to dismiss Plaintiff's Title VII disparate treatment claim (part of the Second Cause of Action). The Court directs Plaintiff to

file her Amended Complaint within fifteen days of the issuance of this Order.

    AND IT IS SO ORDERED.

                                                   Richard Mark Gergel
                                                   United States District Judge

Charleston, South Carolina
October 25, 2012